IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DEXTER WANZEL WHITE,

    Plaintiff,

v.                                                        CASE NO. 4:12-cv-368-SPM-GRJ

WAKULLA COUNTY, et al.,

    Defendants.

_____/

## O R D E R

This case is before the Court on Doc. 2, Plaintiff's Motion for Leave to Proceed *in forma pauperis*; Doc. 3, Plaintiff's motion for preliminary injunction; Doc. 8, and Plaintiff's Amended Motion for Leave to Proceed *in forma pauperis*.

**Leave to Proceed *in forma pauperis***

The Court has considered the information submitted by Plaintiff in support of his amended motion to proceed *in forma pauperis* and concludes that the motion is due to be granted. The Court finds that Plaintiff does not have sufficient funds to pay an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A); however, Plaintiff is assessed the total $350.00 filing fee.

Plaintiff is required to make monthly payments of twenty percent of the preceding month's income (that is, all funds deposited into the account) credited to the account. Upon receipt of this Order, the agency having custody of Plaintiff shall forward payments from Plaintiff's account on a monthly basis to the Clerk of Court each time the amount in the account exceeds $10.00. These payments shall continue until the filing

fee of $350.00 is paid in full. A check from a penal institution, a cashier's check, or a money order should be made payable to "Clerk, U.S. District Court." The following information shall either be included on the face of the payment or attached thereto: (1) the full name of the prisoner; (2) the prisoner's inmate number and, (3) Northern District Florida Case Number 4:12-cv-368-SPM-GRJ. Checks or money orders which do not have this information will be returned.

Plaintiff is warned that he is ultimately responsible for payment of the filing fee if the agency with custody over him/her lapses in its duty to make payments on his/her behalf. For this reason, if Plaintiff is transferred to another jail or institution, Plaintiff should ensure that the new institution is informed about this lawsuit and the required monthly payments as set out herein. Plaintiff is advised to retain a copy of this Order for this purpose.

**Preliminary Injunction**

Granting or denying a preliminary injunction is a decision within the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.,* 112 F.3d 1125, 1126 (11th Cir. 1997)*, citing United States v. Lambert,* 695 F.2d 536, 539 (11th Cir. 1983)*.* Guiding this discretion is the required finding that plaintiff establish:

    (1) a substantial likelihood of success on the merits;

    (2) a substantial threat of irreparable injury if the injunction were not granted;

    (3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

    (4) that granting the injunction would not disserve the public interest.

*Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000)*; Carillon Importers, Ltd.,* 112

F.3d at 1126; *United States v. Jefferson County,* 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. *Jefferson County,* 720 F.2d at 1519, citing *Canal Auth. v. Callaway,* 489 F.2d 567 (5th Cir. 1974).

In his Motion for Preliminary Declaratory or Injunctive Relief, Plaintiff makes generalized claims that he was been "excessively transferred" while at Wakulla C.I. (Main Unit to Work Camp to Annex Unit, etc.) and goes on to re–state the allegations in his Amended Complaint. He seeks an order preventing Wakulla County or DOC officials from harassing or retaliating against him. (Doc. 3.) Based on the facts alleged in Plaintiff's motion, he fails to carry his burden of persuasion on any of the four factors warranting injunctive relief.

Accordingly, it is **ORDERED:**

1. Plaintiff's motions for leave to proceed *in forma pauperis* (Docs. 2 and 8) are **GRANTED.** The Clerk shall mail a copy of this Order to: Inmate Accounts, Wakulla Correctional Institution, 110 Melaleuca Drive, Crawfordville, FL, 32327.

2. Plaintiff's Motion for Preliminary Declaratory or Injunctive Relief, Doc. 3, is **DENIED.**

**DONE AND ORDERED** this 6th day of November 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge