IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DEXTER WANZEL WHITE,

     Plaintiff,

v.                           CASE NO. 4:12-cv-368-SPM-GRJ

WAKULLA COUNTY, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner presently incarcerated at Wakulla CI, initiated this case by filing a *pro se* complaint under 42 U.S.C. § 1983, and has been granted leave to proceed as a pauper. The complaint (Doc. 1) and proposed amended complaint (Doc. 10) are now before the Court for screening under 28 U.S.C § 1915, which provides that the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2). For the following reasons, the Court recommends that this case be dismissed.

## Plaintiff's Allegations

The instant Complaint stems from Plaintiff's March 15, 2012 prison disciplinary conviction for bringing a frivolous or malicious action in a court. As punishment, Plaintiff received 30 days of "extra duty" and lost 10 days of gain time. Plaintiff's conviction was preceded by a habeas petition filed in the Second Judicial Circuit Court in Wakulla

County, Florida.  The presiding judge, Hon. N. Sanders Sauls, is alleged to have issued

an order denying the state habeas petition as frivolous, recommending that DOC

disciplinary rules be enforced against Plaintiff and similar litigants, and directing that the

clerk transmit a copy of the order to the appropriate executive branch official.  Plaintiff

contends that the DOC Office of General Counsel eventually directed that a disciplinary

report be processed against Plaintiff for filing the frivolous habeas petition, and that his

resulting disciplinary conviction is unconstitutional.

Plaintiff names seven Defendants in the instant action: Wakulla County; the

Florida DOC; Judge Sauls; classification supervisor A. Ken; Warden R. Dixon; DOC

Secretary Representative S. Milliken; and Lieutenant Charles L. Knight.  (Doc. 1.)  In his

proposed amended complaint, Defendant adds Wakulla Clerk of Court Brent X.

Thurmond as an additional defendant.  (Doc. 10.)  As relief, Plaintiff seeks punitive and

compensatory damages as well as restoration of 10 days of lost gain time.  (Docs. 1,

10.)

## Standard of Review

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an

act or omission committed by a person acting under color of state law deprived him of a

right, privilege, or immunity secured by the Constitution or laws of the United States.

*Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot

satisfy these requirements, or fails to provide factual allegations in support of the

claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a

right to relief above the speculative level," and complaint "must contain something more

. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal).*

## Discussion

Despite Plaintiff's arguments to the contrary, Wakulla County cannot be sued 42 U.S.C. § 1983 solely for the acts of its employees (Judge Sauls and Clerk of Court Thurmond). Furthermore, as discussed below, these employees are immune from suit for damages. *See, e.g., McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

Plaintiff has named a state court judge, Judge Sauls, as a Defendant and is suing him for damages. It is well-settled law that judges are "entitled to absolute judicial immunity from damages for those acts taken while acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal citations omitted). Absolute judicial immunity applies to all of a judge's judicial actions, even if "the judge's acts are in error, malicious, or were

in excess of his or her jurisdiction." *Id*.

Similarly, Clerk of Court Thurmond is also immune from suit for damages. Clerks of the court have absolute immunity for a narrow range of acts "they are specifically required to do under court order or at a judge's direction, and only qualified immunity for all other actions for damages." *Tarter v. Hury*, 646 F. 2d 1010, 1013 (5th Cir. Unit A June 1981); *see also Roland v. Phillips*, 19 F.3d 552, 556 n. 4 (11th Cir. 1994) (holding that when an official acts pursuant to a direct judicial order, absolute quasi-judicial immunity is obvious).  Plaintiff does not clearly articulate how exactly he claims Defendant Thurmond violated his constitutional rights, but to the extent he is bringing the action in relation to Thurmond's duties as clerk (i.e., acting pursuant to Judge Sauls' order to transmit the order to the DOC), he is immune from suit for damages.

Plaintiff also attempts to allege a constitutional violation by Lt. Charles Knight, who presided over Plaintiff's disciplinary hearing and sentenced him to 30 days of extra duty and 10 days of lost gain time.  To the extent Plaintiff argues that Lt. Knight violated his due process rights by relying on Judge Sauls' order, he fails to state a claim.  The degree of proof required at a prison disciplinary hearing is significantly lower than that required in a criminal prosecution, and a decision need only be supported by "some evidence." *See Hill*, 472 U.S. at 455-56 (federal courts will not re-weigh the evidence, assess the credibility of the witnesses, or otherwise make a *de novo* review of the proceedings).  The disciplinary team appears to have relied on a statement by state court judge in an official court record.  There is no indication that the Lt. Knight's findings were without support or otherwise arbitrary.

Plaintiff's claims against classification supervisor A. Kent, Warden R. Dixon, and DOC Secretary Representative S. Milliken all stem from their denials of his grievances. "[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009). Plaintiff makes no factual allegations suggesting that these Defendants had any personal connection to the alleged violation of Plaintiff's civil rights sufficient to trigger liability under §1983.

Plaintiff's claim against the DOC stems from its alleged failure to train its employees–A. Kent, R. Dixon, and S. Milliken–and presumably this failure led to the unconstitutional acts of these employees. As discussed above, Plaintiff has not established liability as to these Defendants who denied his grievances. Accordingly, he has also failed to state a claim against the DOC.

Finally, to the extent Plaintiff seeks restoration of his 10 days of lost gain time, because this necessarily implicates the duration of his sentence, it is not cognizable in a § 1983 claim. These claims are habeas in nature and should be brought in a habeas petition pursuant to 28 U.S.C. §2254. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973).

For the foregoing reasons, the Court concludes that the allegations of the Complaint fail to state a claim upon which relief may be granted and bring claims against several individuals who are immune from suit.

## Conclusion

Accordingly, it is respectfully **RECOMMENDED** that: (1) this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and pursuant to § 1915(e)(2)(B)(iii) and for seeking

monetary relief against a defendant who is immune from such relief; and (2) Plaintiff's

Motion for Leave to File Amended Complaint (Doc. 10) should be **DENIED.** [1]

    **IN CHAMBERS** this 6th day of November 2012.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

    **A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] Courts can deny leave to amend when the amendment would be futile. Such an amendment is "futile" if it is clearly insufficient or frivolous. *See, e.g., Karpeeva v. United States Dep't of Homeland Sec. Citizenship and Immigration Services,* 2011 U.S. App. LEXIS 13197, *10-11 (11th Cir. 2011) (unpublished opinion); *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001); Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007). Granting Plaintiff leave to amend would be futile in this case because Plaintiff's proposed amended complaint fails to state a claim for relief.